1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOLL AMIR & ELEY LLP

**DOLL AMIR & ELEY LLP**
HUNTER R. ELEY (SBN 224321)
heley@dollamir.com
CHELSEA L. DIAZ (SBN 271859)
cdiaz@dollamir.com
1888 Century Park East, Suite 1850
Los Angeles, California 90067
Tel:  310.557.9100
Fax: 310.557.9101

Attorneys for Defendant
CAPITAL ONE BANK (USA), N.A.,
Erroneously sued as Capital One, National Association

## UNITED STATES DISTRICT COURT

## CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON ALAN,<br><br>          Plaintiffs,<br><br>v.<br><br>CAPITAL ONE, NATIONAL ASSOCIATION,<br><br>          Defendants. | Case No.<br><br>**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(a), 28 U.S.C. §1331 (FEDERAL QUESTION) and 28 U.S.C. § 1367(a) (SUPPLEMENTAL JURISDICTION)**<br><br>[*Filed concurrently with: (1) Civil Case Cover Sheet; and (2) Certificate of Interested Entities or Persons*]<br><br>[Los Angeles Superior Court Case No. 16K02396]<br><br>Complaint Filed:   February 23, 2016<br>Trial Date:            TBD |

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(A), 28 U.S.C. §1331 AND 28 U.S.C. § 1367(A)

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** defendant Capital One Bank (USA), N.A. ("Capital One"), erroneously sued as "Capital One, National Association," hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446(b).

**A.    JURISDICTION**

1.     Capital One specifically alleges that this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(a) and § 1331 because Plaintiff Jason Alan ("Plaintiff") alleges a cause of action arising under the federal Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. §§ 1681 *et seq.*  Further, the Court has supplemental jurisdiction over the state law causes of action alleged in the Complaint pursuant to 28 U.S.C. § 1367(a).

**B.    STATEMENT OF THE CASE**

2.     On February 23, 2016, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Los Angeles, designated as Case Number 16K02396 (the "Action").  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders received by Capital One in this case is attached hereto as *Exhibit A*.

3.     Plaintiff asserts three (3) causes of action in his Complaint against Capital One.  Those causes of action include: (1) violation of the FCRA; (2) violation of the California Consumer Credit Reporting Agencies Act ("CCRAA"), codified at Cal. Civ. Code §§ 1785.1, *et seq.*; and (3) violation of § 17200 of the California Business and Professions Code.

**C.    BASIS FOR REMOVAL**

4.     This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a) because Plaintiff alleges claims arising under the FCRA,

DOLL AMIR & ELEY LLP

1

which is a law of the United States.

5.      Specifically, Plaintiff's Complaint alleges that Capital One "violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b): a. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and, b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2." *See* Ex. A, Complaint, ¶ 19.  Therefore, adjudication of Plaintiff's Complaint requires an analysis and construction of federal law.  Thus, this Action is one which may be removed to this Court by Capital One pursuant to 28 U.S.C. § 1441(a) and § 1331 because this Court would have had original jurisdiction founded on Plaintiff's claim arising under the FCRA.

6.      Additionally, this Court has supplemental jurisdiction over the remaining state law claims, because they "form part of the same case or controversy."  28 U.S.C. § 1367(a).  A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim, and if they would normally be tried together.  *See, e.g., Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.,* 333 F. 3d 923, 925 (9th Cir. 2003).  The facts related to Plaintiff's state law claims are intertwined with and based upon her allegations of wrongdoing under the federal FCRA claim. Specifically, Plaintiff's Complaint is based on the alleged inaccuracies of Plaintiff's credit report.  The Court should therefore extend supplemental jurisdiction over Plaintiff's state law claims.

**D.      ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.**

7.      Removal of this action is timely.  Capital One was served with the Complaint in this Action on March 9, 2016.  Therefore, this Notice of Removal is

DOLL AMIR & ELEY LLP

"filed within thirty [30] days after receipt by the defendant . . . of a copy of [Plaintiff's Summons and Complaint]" in accordance with the time period mandated by 28 U.S.C. §1446(b).

8. There are no other defendants named in this action and, therefore, consent to removal is not required.

9. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §1446(a) because the Action was filed in this District.

10. As stated above, pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings and orders received by Capital One in the Action are attached hereto as *Exhibit A*.

11. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. Capital One will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of Los Angeles.

12.

**WHEREFORE** Capital One prays that the above Action now pending against it in the Superior Court of the State of California, County of Los Angeles, be removed therefrom to this Court.

DATED: April 8, 2016      **DOLL AMIR & ELEY LLP**

By: */s/ Chelsea L. Diaz* _____
      HUNTER R. ELEY
      CHELSEA L. DIAZ
Attorneys for Defendant,
CAPITAL ONE BANK (USA), N.A.

DOLL AMIR & ELEY LLP

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1441(A), 28 U.S.C. §1331 AND 28 U.S.C. § 1367(A)

# EXHIBIT A

# COPY

## BY FAX

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 23 2016

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CAPITAL ONE, NATIONAL ASSOCIATION

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JASON ALAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles | **CASE NUMBER:**<br>*(Número del Caso):* **BC 02396** |

111 North Hill Street
Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

| | | |
|---|---|---|
| **DATE:**<br>*(Fecha)* | SHERRI R. CARTER, Clerk, by<br>*(Secretario)* VICTOR SINO-CRUZ | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

FEB 23 2016

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

1  Todd M. Friedman (216752)
   Law Offices of Todd M. Friedman, P.C.
2  324 S. Beverly Dr., #725
3  Beverly Hills, CA 90212
   Phone: 877-206-4741
4  Fax: 866-633-0228
5  tfriedman@attorneysforconsumers.com
   **Attorneys for Plaintiff**

FEB 23 2016

Sherri R. Carter, Executive Officer/Clerk
By Victor Sino-Cruz, Deputy

6            SUPERIOR COURT OF THE STATE OF CALIFORNIA
7                 FOR THE COUNTY OF LOS ANGELES
                       LIMITED JURISDICTION
8

| | |
|---|---|
| 9  JASON ALAN, | CASE NO.:  **16K02396** |
| 10            Plaintiff, | COMPLAINT FOR MONEY, INJUNCTIVE AND DECLARATORY RELIEF |
| 11 | |
| 12  -vs- | |
| 13 | 1. Violation of California Consumer Credit Reporting Agencies Act |
| 14  CAPITAL ONE, NATIONAL ASSOCIATION, | 2. Violation of Fair Credit Reporting Act |
| 15            Defendant. | 3. Violation of California Business and Professions Code §17200 |
| 16 | (Damages not to Exceed $10,000) |

BY FAX

18                       **I. INTRODUCTION**

19      1.  This is an action for damages brought by an individual consumer for Defendant's

20  violations of the California Consumer Credit Reporting Agencies Act, California Civil Code §

22  1785.25 (a) (hereinafter "CCRA") and the Fair Credit Reporting Act, 15 U.S.C. §1681

23  (hereinafter "FCRA"), which regulate the collection, dissemination, and use of consumer

24  information, including consumer credit information. In addition, Plaintiff also alleges violations

25  of the California Business and Professions Code §17200 (hereinafter "CBPC").

26  ///
27  ///
28  ///

## II. PARTIES

2.      Plaintiff, Jason Alan ("Plaintiff"), is a natural person residing in Los Angeles county in the state of California, and is a "consumer" as defined by Cal. Civ. Code §1785.3(a) and 15 U.S.C. §1681a.

3.      At all relevant times herein, Defendant, CAPITAL ONE, NATIONAL ASSOCIATION ("Defendant"), regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the CCRA.  At all relevant times, Defendant is also a "person" as that term is defined by Cal. Civ. Code §1785.3(j).

## III. FACTUAL ALLEGATIONS

6.      At various and multiple times prior to filing of the instance complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report.

7.      In or around November of 2015, Plaintiff applied for a credit card with Defendant. During this application, Plaintiff gave permission from Defendant to run his credit report once.

9.      Plaintiff was denied the credit card due to "incomplete information."

10.     Plaintiff requested that Defendant reconsider his application but did not give Defendant permission to run his credit again.

11.     Despite this, Defendant ran Plaintiff's credit report his credit report a second time without his permission.

12.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

14.    The credit reports have been and continue to be disseminated to various persons and credit guarantors, both known and unknown.

15.    Plaintiff has been damaged and continues to be damaged, in the following ways:

> a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about plaintiff to other people both known and unknown; and
> b. Decreased credit score which may result in inability to obtain credit on future attempts.

16.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

17.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

18.    Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

19.    Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

> a.  Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,
> b.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

21.     Plaintiff disputed this derogatory information with the credit reporting agencies that Defendant reported to.

22.     In addition, In or around January of 2016, Defendant began restricting the use of Plaintiff's credit cards with Defendant.

23.     In order to remove the restriction from Plaintiff's card, Defendant requested information from Plaintiff. Plaintiff provided all the requested information requested by Defendant.

24.     Despite providing all the requested information, Defendant refused to release the restriction and continued to suspect identify fraud.

25.     Plaintiff is informed, believes, and based thereon alleges that Defendant only would not release the restriction because some of the information that Plaintiff provided contained redacted information that was sensitive. For example, Plaintiff redacted his account numbers and balance information.

26.     Despite this, Defendant insisted that Plaintiff provide this sensitive information.

27.     Defendant used its position of power to persuade Plaintiff to provide sensitive and private information in which he was entitled to keep.

28.     After being strong-armed by Defendant, Plaintiff finally decided to provide non-redacted versions the verifying information.

29.     Even though Plaintiff provided this information, Defendant chose to close Plaintiff's account, despite Plaintiff making all payments on time or earlier than required.

30.     After closing Plaintiff's account, Defendant gave Plaintiff the option of reopening it by reapplying for it. Defendant denied Plaintiff and would not reopen the account.

Complaint

31.     Plaintiff had another credit card with Defendant and began restricting it and continued to request information from Defendant.

32.     Such actions, violate Plaintiff's and consumers rights and constitute unfair business practices in violation of the CBPC.

33.     As a result of the above violations of the FCRA, CCRA, and CBPC Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

34.     Plaintiff incorporates by reference all of the preceding paragraphs.

35.     California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

36.     California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

37.     California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

38.     Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

39. Based on these violations of Civil Code § 1785.25 (a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT

40. Plaintiff reincorporates by reference all of the preceding paragraphs.

41. To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## COUNT III: VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE

42. PLAINTIFFS reincorporate by reference all of the preceding paragraphs. PLAINTIFFS allege that DEFENDANT'S violations constitute unfair business practices under the CBPC.

43. To the extent that DEFENDANT'S actions, counted above, violated the CBPC, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages as proven;
B. Statutory damages for willful and negligent violations;
C. Civil penalties;
D. Costs and reasonable attorney's fees; and,
E. For such other and further relief as may be just and proper

///

///

///

///

6

Complaint

1

## PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY

2

Respectfully submitted this 22nd day of February, 2016

3

By: _____

4

Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

SUPERIOR COURT OF THE STATE OF CALIFORN **FILED**

LOS ANGELES SUPERIOR COURT

FOR THE COUNTY OF LOS ANGELES

**OCT 0 5 2015**

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK

*C. Crawn*

BY C. CASAREZ, DEPUTY

In re Limited Civil Jurisdiction Cases Calendared
in Department 77 (Non – Collections Cases)

)
)
)
)
)
)
)
)
)

Case No.:

AMENDED GENERAL ORDER

--

**1 6 K 0 2 3 9 6**

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the

Los Angeles County Superior Court Local Rules, the COURT HEREBY ISSUES THE

FOLLOWING GENERAL ORDERS THAT SHALL APPLY TO ALL LIMITED CIVIL

(NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 77.

1.      PLAINTIFF(S) IS/ARE ORDERED TO SERVE A COPY OF THIS GENERAL

ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT

AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS ORDER.

2.      The Court sets the following trial date in this case in Department 77 (7th floor,

Room 736) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

~~POS: 0 8 / 2 3 / 2016 TRIAL: 0 8 / 2 3 / 2017 OSC: 0 2 / 2 3 / 2018~~

TRIAL:

*   Date: _____ at 8:30 a.m.

**SERVICE OF SUMMONS AND COMPLAINT**

3.      The trial date set forth above is conditioned on the defendant(s) being served with

the summons and complaint within six (6) months of the filing of the complaint. This is not an

appearance date. The trial date may be continued to a later date if service is not accomplished

Amended General Order – Page 1 of 4

within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4. The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (Code Civ. Proc., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (Code Civ. Proc., § 581, subd. (b)(4).) The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

---

**UNSERVED PARTIES DISMISSAL DATE**

POS: 0 8 / 2 3 / 2016 TRIAL: 0 8 / 2 3 / 2017 OSC: 0 2 / 2 5 / 2019

---

5. No Case Management Review (CMR) and no Mandatory Settlement (MSC) or Final Status Conferences (FSC) will be conducted in this case.

### LAW AND MOTION

6. All regularly noticed pretrial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Courts Reservation System (CRS). All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

7.    <u>Tentative Rulings</u> may be posted on the Court's internet site no later than the day prior to the hearing.  To access tentative rulings, parties may go to **lacourt.org**, select "Civil Divisions," and then click on "Tentative Rulings."

### EX PARTE APPLICATIONS

8.    Ex parte applications must be noticed for 1:30 p.m. in Department 77.  All ex parte application fees must be paid by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

### JURY FEES

9.    The fees for a jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by Code of Civil Procedure section 631, subdivisions (b) and (c).

### STIPULATION TO CONTINUE TRIAL

10.    A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date.  If the Stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77.  A proposed order shall be lodged along with the stipulation.  The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

### TRIAL

11.    Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date.  On the day of trial the parties shall bring with them to Department 77 all of the following:

    i.    A printed Joint Statement of the Case;

    ii.    Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court (LASC) <u>see</u> local rule 3.57;

iii.     A printed Joint Witness List disclosing an offer of proof regarding each

testimony, the time expected for testimony, and the need of an interpreter.

iv.     Joint Exhibits in Exhibit Books, numbered appropriately, and Exhibit List;

v.      Printed Joint Proposed Jury Instructions, and

vi.     A printed Joint Proposed Verdict form(s).

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATED: October _5_, 2015

Hon. Kevin C. Brazile
Judge of the Superior Court
Supervising Judge of Civil

# COPY

**1 6 K 0 2 3 9 6**

| SHORT TITLE: Jason Alan v. Capital One, National Association | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓YES    CLASS ACTION? YES   LIMITED CASE? YES   TIME ESTIMATED FOR TRIAL 2-3     HOURS/✓DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

BY FAX

| SHORT TITLE: Jason Alan v. Capital One, National Association | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 1., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Jason Alan v. Capital One, National Association | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐  A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐  A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐  A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐  A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐  A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐  A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐  A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐  A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐  A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141   Sister State Judgment | 2., 9. |
| | | ☐  A6160   Abstract of Judgment | 2., 6. |
| | | ☐  A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐  A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐  A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐  A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐  A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐  A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐  A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121   Civil Harassment | 2., 3., 9. |
| | | ☐  A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐  A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐  A6190   Election Contest | 2. |
| | | ☐  A6110   Petition for Change of Name | 2., 7. |
| | | ☐  A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐  A6100   Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Jason Alan v. Capital One, National Association | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>6714 Zelzah Ave |
|---|---|

| CITY:<br>Reseda | STATE:<br>CA | ZIP CODE:<br>91335 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a).

Dated: February 22, 2016

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

# COPY

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address): <br> Todd M. Friedman, Esq. SBN 216752 <br> Law Offices of Todd M. Friedman <br> 324 S. Beverly Dr., #725 <br> Beverly Hills, CA 90212 <br> TELEPHONE NO.: 877-206-4741   FAX NO.: 866-633-0228 <br> ATTORNEY FOR (Name): Plaintiff, Jason Alan | **FOR COURT USE ONLY** <br> **CONFORMED COPY** <br> **ORIGINAL FILED** <br> Superior Court of California <br> County of Los Angeles <br> FEB 23 2016 <br> Sherri R. Carter, Executive Officer/Clerk <br> By Victor Sino-Cruz, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS: 111 N. Hill St.
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME:

CASE NAME:
Jason Alan v. Capital One, National Association

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [ ] Unlimited (Amount demanded exceeds $25,000)   [X] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | 16K02396 <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[X] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: February 22, 2016
Todd M. Friedman
_____
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX